## CASSELL v GENERAL AIR CRAFT OPERATORS, INC.

Ohio Appeals, 2nd Dist, Darke Co
No. 386. Decided May 27, 1931

L. E. Kerlin and H. F. Krickenberger, Greenville, for Cassell.

Mannix & Billingsley and W. D. Spidel, Greenville, for General Air Craft Operators, Inc.

HORNBECK, J.

The original order of attachment having been issued on an affidavit which obviously was incomplete and insufficient at law the order of attachment issued thereunder was void process.

The second affidavit clearly met the requirements of the statute as prescribed in §11820 GC, which stated the nature of the plaintiff's claim, that it was just, the amount which the affiant believed the plaintiff ought to recover and the existence of one of the grounds of attachment, namely, that the defendant in error was a foreign corporation which had not complied with the laws of the State of Ohio which made it exempt from attachment, and that the ground of attachment arose upon a breach of contract. The Clerk having before him an affidavit in proper form was authorized and required to issue the second attachment. **Lessee of Paine v Mooreland, 15 O. 444,** though filed before disposition of the first motion to dismiss. The fact that it was designated an alias attachment in no wise changed its character. It was the only proper attachment which had been issued from his office and was essential to holding the property. **Pope, et al v Insurance Company, 24 Oh St, 281.** It was in no sense issued upon a supplemental affidavit but by the institution of new proceedings. The inception of the proceedings in attachment (auxiliary to a civil action **Seibert v Sweitzer, 35 Oh St, 665**) is the filing of a proper affidavit "at the time of or after the commencement of the action" §11819 GC. We see no reason why the second attachment should have been dismissed as a matter of law inasmuch as the proceedings incident to the issuing of the first attachment were void which left the action in the same status as though the first affidavit had not been filed.

The case of Garner v· White, supra, as we interpret it, is authority to the effect that where an original affidavit upon which attachment issues is faulty it cannot be corrected or supplemented without leave of the court. This is logical because the basis of the issuing of an attachment must attend before it is authorized. Statements made subsequently under oath are of doubtful retroactive effect. ·Leavitt v Rosenberg, supra, 241. The case has no application here, because the original affidavit had been

abandoned and new proceedings instituted by the filing of another separate and distinct affidavit.

Judgment of the trial court must be affirmed.

ALLREAD, PJ and KUNKLE, J, concur.